[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISIONCT Page 7099 RE: MOTION FOR SUMMARY JUDGMENT
The Paintiffs, Michael A. Holahan and Shauna Holahan, ("plaintiff'), brought this action sounding in return of a down payment on real estate against the defendants, Noel J. Conneely and Catherine Conneely, ("defendant"). By way of background, this case involves a contract for the purchase of the defendant's property located at 4 Broad Street, Westport, Connecticut. Paragraph 17 of the contract contains a mortgage contingency clause that states in pertinent part that if the plaintiff is "unable to obtain a written commitment for such a loan on or before September 28, 1998, and if [plaintiff] so notifies [defendant] or [defendant's] attorney . . . in writing, at or before 5:00 p. m., on said date, then this Agreement shall be null and void and the [plaintiffs] shall be entitled to the immediate return by [defendants] of all sums paid. . . ." The date for satisfaction of the mortgage contingency clause was allegedly extended to October 19, 1998. On October 16, the plaintiff notified the defendant that its application for financing had been denied. The plaintiff demanded return of its deposit but the defendant has to date refused to return the plaintiffs deposit in the amount of $65,250.00 ($65,500.00 minus $250.00 for preparation of the contract). At issue is the plaintiffs motion for summary judgment seeking return of the deposit.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "[S]ummary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a fulldress trial." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 375, 260 A.2d 596 (1969). "The judgment sought shall be rendered forthwith the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995). CT Page 7100
The plaintiff argues that its motion should be granted and its deposit returned on the grounds that Sterling Capital, Inc., ("Sterling"), denied its mortgage application. Furthermore, the plaintiff argues that it exercised reasonable efforts to secure the mortgage but that Sterling denied the application as it was unable to verify Ms. Holahan's employment. The defendant opposes the plaintiffs motion on the grounds that the plaintiff allegedly obtained a mortgage commitment from Sterling as early as September 30, 1998, and is, therefore, not entitled to return of its deposit. Furthermore, the defendant argues that the plaintiff did not make reasonable efforts to secure a mortgage and that the plaintiff obtained a pre-qualification letter from Sterling for an amount higher than the actual amount applied for.
"[C]ourts in Connecticut imply a promise that the purchaser will exert reasonable efforts to obtain a mortgage commitment. . . ." (Citations omitted.) Phillipe v. Thomas,3 Conn. App. 471, 473, 489 A.2d 1056 (1985). "Whether the plaintiffs actions constituted reasonable efforts to satisfy the contractual condition is a factual determination for the trial court. . . ." (Citations omitted.) Id., 475. Here, there are material issues of fact to be decided. These facts include but are not limited to: whether reasonable efforts were exercised; why there was a commitment on September 30, 1998 but none on October 16, 1998; whether Ms. Holahan's alleged continued employment at Merrill Lynch :1 presents issues for the October 16, 1998 denial; and the implication of the pre-qualification letter on the reasonable efforts analysis and the October 16, 1998 denial. Accordingly, the plaintiffs motion for summary judgment is denied.
So Ordered.
D'andrea J.